*268 Opinion of the Court, by
Judge Mills.
TWO of the heirs and devisees of Hebe Carter, as of mature age, andthreo others as infants, by their guar-dian, filed their bill, alleging that their mother, “ being ilfemc so^> hy her hist will and testament, devised her estate to them, and shortly afterwards died; that. Val-entine Peers, one of.the executors constituted by the obtained probat thereof, received the effects of the decedent, entered upon her interest in the Little Sandy Salt-works, made leases thereof and received the rents thereon; but had rendered no account to them, app]ie(] f0 therefor, nor paid the. amount thereof.
They then pray an account to be taken and a decreé jn their favor. A subpoena issued, which has no return hereon; but it is endorsed as follows:
“I acknowledge legal service of the within, Noveliz-ber 20th, 1820. Val. Peers.”
It seems, that’ 'tnalVn ' aofectire^r0 vague, that decree it, iftaken pm confesso, ^t^bc pronounced on an amend-«■o'confesso Snless^oce» had issued on scented. e°n
After the bill had remained some time in this sitúation, an .amendment was filed, the' whole substance of which is as follows: “ That the said Peers, as executor, had receivedynoneys due the estate of the decedent, and on account thereof, to the amount of twenty thou-sa nd dollars, and that he was in arrear, and that there w<sis due from him to the complainants, after allowing all disbursements and all just credits, the- sum of fifteen thousand dollars.” They again •,prayed, an account, This amendment remained .in the cause .during two subsequent terms, and no answer was filed. At the third term the cause was heard, and the bill taken as confessed, and a decree rendered for the sum of fifteen thousand dollars, to reverse which this writ of error is prosecuted.
Various errors are assigned, some of which will be noticed.
It is contended, that the infants could not sue by dian, but were bound to sue by their next friend. It is true, that such bills are usually prosecuted by pro-ehein ami; yet it is clear that infants may sue by guardian, and no doubt the statutory or testamentary guardian of this country, may thus be made usé of to sustain the suit of wards. See 2 Maddock Chan. 140, Harrison Pract. Chan, title Infants.
It is insisted that no sufficient service of process made appear, to warrant the taking the bill as confessed by the court below. The whole evidence on this point', is the acknowledgment of service above recited, and the decree itself recites that “service in the subpoena herein being proved to the pourt, to have been made the defendant on the 21st November 1820, and the fendant having failed to answer the bill and amended bill filed herein, and the same being.taken for confessed,” &c.
It is clear that the endorsement of an acknowledgment on the subpoena, cannot alone -be a sufficient proot of the service; for whether that endorsement of thé acknowledgment be or be not genuine, is a fact open to inquiry and needs proof as much as the service would, if no such acknowledgment had been made. We attach no importance to the date of acknowledgment being different from the date of service recited in the decree; for the date of the acknowledgment is one day before the date of the subpoena itself,- which conduces *270 strongly to prove that the date' of ackno#ledgment was a, lnistake. The most serious question must be, is the red-tal in the decree sufficient proof that, the subpoena was served? . On the one hand, it is contended that the declaration of the chancellor, that such proof was made, ought tobe taken as true, and that it ought to be presumed that every things was rightly done, till the contrary appears. On the other, it is insisted that the recital is not sufficient, without the appearance of the proof itself, and that such a recital, that the process was executed by the proper officer, would not be sufficient, unless the return appeared on the process. It is readily , admitted as a general rule, that revising courts ought to presume all things correctly done by inferior tribunals, until the contrary appears,- but this rule must be subject to some restrictions and limitations. In suits at common law, and cases where it is not necessary that the proof should appear, but it is the duty of the inferior .tribunal to decide and record what is proved, and not set down the evidence in detail, this rule must apply. Rut in suits in chancery, where the evidence itself must appear in detail, the rule is otherwise, as to the merits of the decree. There, no recital that such a matter was established, ought to satisfy the revising court, unless the proof shewn is adequate; and we cannot conceive that the recital of the execution of process by the proper officer, ought to be sufficient, if no return appears. It must be remembered, that no fact in a chancery cause, could, be more important to the party than this fact'of service was in this case; for on it rested the serious consequence that the whole bill is true. The reason then must be equally strong, that the proof' of service, where it is not done by a sworn officer, as in this ease, ought to appear in the record. A few con-, ■sideralions resulting from the practice in chancery in this ■ country, established by act of assembly, will strengthen this conclusion. It is true, cases have been cited in the argument, from the English chancery, to shew, that testimony that. a party had been heard to confess that the process had been served upon him, was held sufficient. But it ought to be recollected that such proof was never held sufficient to decree the truth of the bill, but to authorise process of contempt only, by which the party would generally be certainly apprised that such a suit existed; for in that country an at- *271 iaphment was necessary,> and a ^fending out in contempt, before the bill would be taken as true. Our chancery practice, as it commenced in this country under our statutes, had in it the same requisition of process of contempt. But even then, to avoid advantages which might be taken of the unwary, the legislature abolished this doctrine of the English courts, by enacting that “ no process of contempt shall be issued before the subpoena be returned executed by a sworn officer, or affidavit be made of the service thereof.” See 1 Dig. L. K. 218. It is true, subsequent acts have permitted bills to be taken as confessed without process of contempt. But surely greater strictness ought not to be required to authorise process of contempt, which might not subject the party to’ a decree, than is necessary to authorise the court to take the bill as confessed, and decree the matter at once. There ought then to be an affidavit, and that affidavit ought to be so certain, that the affiant would be liable to the penalties of perjury, if it is untrue. The oath ought to be administered by the court, as was- held by this court in the case of Trahue’s heirs vs. Holt and McMillan, 2 Bibb 393; and its contents ought to appear in the record here, to sustain the decree, as well as the return of a sworn officer, in the case of decrees by default.
This case has circumstances in it which are a good comment on the propriety of the rule. It will be easily seen that upon the original billas above recited, no decree could be taken against the plaintiff in error, unless an answer was filed. No sum is, charged to be due, nor a document exhibited which could evince there was any. N ot even the -will is shewn on which the respective rights of the claimants depend. The opposite party might well rest secure under such a bill, until visited with process of contempt. But instead of this, an amendment is filed in round numbers, not known, nor suggested how they are ascertained, as if intended to give base for a decree, and under the act of assembly which dispenses with subpoenas on amended bills, the aipendment is also taken as confessed, and a decree rendered for fifteen thousand dollars. Indeed it may well be doubtdd whether, as the original bill could warrant no decree without an answer, an amendment ought to be taken as true without new process. But without giving any positive'opinion on this point, we conceive *272 that the strictness?, which we have required in the proof of the service of proeeás is correct, and is not more rigid than is necessary to save the feet of the incautious from snares, which may be laid in their path by ingenious managers of the process of law.
The decree must be reversed with costs, and all proceedings set aside, subsequent to filing the amended bill, and the cause be remanded for new proceedings to commence at that point.