Opinion of the Court, by
Judge Minns.
ÜS is a bill in chancery, to compel the specific rmance of a contract for land, and sets out a bon.d ted by Andrew Gatewood to Robert Dale, in and assigned the same year by Dale to James ir a.nd Elijah Creed, and by them, in 1794, as-l to the complainant. The bill alleges that the as ia Theodorick Noel, and that he had sold it to mod, or authorised Gatewood to sell it, and had ed the price. Noel, Dale, James Rucker, Creed e heirs of Gatewood, are named defendants in the
amended bill suggests that the complainant is in-1 that Gatewood had ¡^authority to sell for Noel, not purchased; and prays that if such should at to he the fact, the heirs of Gatewood might be lied to pay the price of the land.
= M. Noel, who styles himself one of the heirs and ss of Theodorick Noel, answers the bill, and de-ay knowledge of a sale by his father. No other ant answered, and the court decreed against the if Gatewood, the price of the land.
It is alleged by the assignment of errors, that the if publication against the unknown heirs of Noel, :tive in its terms and time of publication. Wo ot thought it necessary to decide on the suffi-of the notice given by the order; for there is ion in tíie bill or amended bill, of the death >rof his heirs, known or unknown; yet publica-made against them, and process is served on one , As they are not parties to the pleadings, (he *22 whole proceeding against them is irregular, and cam be sustained.
[2] Executors are necessary parties to a bill for a dissolution of the contract of the testator, and repayment of the purchase money.
[3] Assignors are necessary parties to a 'bill by an as-signee, on an assignment made before it. was au-thorised by the statute.
[4] A written nowledgment of the service of a subpoena in chancery must be proved.
[5] A chancery suit can bo revived by bill only, except whore the defend’t dies after filing his answer.
Barn/, -forplaintiffs.; Haggin, for defendants,
(2) As to the heirs of Gatewood1, the decree- is proper, even if the proceedings were regular;, fbi the aomplainant is to get the price of the land, and. the land itself, the personal representatives of Gs wood were necessary parties, and ought to have b« brought before the court, in order that the price of land might be paid first out of the personalty and slat before the real assets in the hands of the heirs w reached by the- decree.,
(3) The bond on which the bill is filed*, was tvpt signable by law, at the time it w.as assigned, and the gignors were consequently necessary parties.
(4) On the subpoena issued for James Rucker, tt appears a written acknowledgment of service, signe his name. There is no proof in, the record, that signed this.acknoxfrledgment. As held in Peers vs. ter's heirs, 4 Litt. Rep. 268, he .could, not be consi dc a party,
(5) The.last error we. shall notice, is, that just be the hearing, it was suggested by the complain; counsel,'that the. complainant was dead, and therec an order was rmide.reviving the suit in the name o executors. Shortly after, a similar suggestion made, and the suit was revived, by order, in the n; of his heirs, and the* cause was then heard'without notice of this revivor, to the opposite party,
According to the ancient chancery practice, w generally prevails in this country, except so far as modified by statute, the mode of revivor ivas, by a for that purpose, on the death of either, partyam are aware of no statute which alters the mode, es one provision, (1 Pig. L. K. 54,) which applies e sively to the case of a deceased- defendant, wh< filed his answer.' An order to that effect is made served on the representatives of the deceased, provision has no application to this case, and- of c< the suit was not revived.
The decree must, therefore, be reversed with and the cause be remanded, with directions for proceedings, n<?t inconsistent with this opinion.