Opinion oi'the Court, by
Judge Mills,
John Smith and John Preston, in the year Í7-87; en-iered into a written contract with Daniel and Matthias, Harman, and Charles and Menry Skaggs, in which-the. four latter agreed to-fmd out vacant, lands on- Sandy river, whereon to locate land warrants to be furnished by Smith and Preston, to the amount of 100;000 acres, and to attend the surveying, Smith and Preston bearing all expenc.es, and.as a compensation, Smith and- Preston were to convey to them, one third of all the lands located*
Locations to a considerable amount were made, and among the rest, a.survey of 1,283-acres, the patent for which issued, to a certain John Graham, who conveyeiR ^he whole thereof to Richard Damron, who still holds. *236 the legal title, part of which is the subject of controvei-sy ia this suit,
iiecree oftho circuit court,
Daniel Harman, on the 22d day of March, 1806, assigned all his interest in said contract, to William Har-man, except 250 acres, and on the 8th day of Septena-; her, 1806, William Harman assigned the same interest to Richard Daniel, Robert Haws, Harry Stratton, Solomon Stratton, Cornelius M’Guire, Richard Strattou, Tandy Stratton and Robert Brown.
On the 13th of June, 1803, Matthias Harman, one of the original locators, sold by an article of agreement to William M’Guire, a certain specified part of the tract of 1,283 acres, supposed to contain about 4G0 acres, more or less, and including the improvements of said Matthias Harman, who then resided thereon, and agreed to convey it, and M’Guire took possession accordingly.
On the 2d day of September, 18UG, said Matthias Harman sold and assigned all the residue of his interest in the article of location with Smith and Preston, except 550 ajcres,-to Adam Harman. While several settlers resided upon the tract of 1,283 acres, all appearing to claim under that title, and among the rest, John Iiackwilh, the present appellant,.and the said William M’Guire, and the said Richard Damron, who holds the legal estate, brought his ejectment against them.
Pending this suit, it seems to have been settled as to the premises then in possession of Hackwitb, and the suit, as to him, was dismissed by consent.
He then bought out the possession of M’Guire, and procured from him an assigt-puuit of the article between said M'Guire and Matildas Harman, and caused himself to be mad'-, defendant in the ejectment fo.r and with M’Guire, and Damron, by force of his legal title, obtained a judgment, to enjoin which, Hackwitb filed this bill, relying on the equity derived from Matthias Har-man, one of the original locators, and praying a perpetual injunction and a conveyance of the legal title, and charging that Graham, who had obtained the patent, and Damron, had full notice of the equity aforesaid.
Damron and Graham both answered, contesting the equity.'
The court below decided, that Hackwitb was not en-fitted to a conveyance, but ought to recover the value of his improvements, lessened by the rents, and directed an account accordingly.
(l) Where convej; .holder of the legal title an^uístand-jng equity, he has súffi-n°tlc0> and must surrender the ti-tie, whenever be'rcride ap‘pear>
^ possof. sion is suffi-cient notice toapurcha-ser, of the e-qoity claimed by theocou-Pant-
jig^tof ade-fendant in e.)®ol“eilt to ^”1" came into the ejectment bypnrehas-’ ingout theini temun ^nd uniting’ with JF0®; . this m0(;e brought into tomigbt’have been an ob-^junction— Argm
On the coming in of the report, it appearing that the rents exceeded (he value of the improvements, the court dismissed the bill, and to reverse that decree, Hack-with has prosecuted this writ of error.
If the decree of the court below shall be found neous, it is certainly furnished with a considerable apology, from the manner in which the cause is prepared, and the obscurity in which it is enveloped; for the bill and amended bill, are void of perspicuity, and do not give an intelligible history of the case. Still, however, as it is aided somewhat by the answers, and more by the exhibits in the cause, we conceive it may' sustain . ■ 1 J tlie Claim.
(1) It is charged in tbe amended bill, and admitted in the answers of Damron and Graham, that this tract, in a division between Smith and Preston on one side, and the locators on the other, was wholly assigned (o the locators; that Matthias Harman settled thereon, and after him M’Guirc, making a residence of mam7 T.ar? ' years,
The attempt made by Graham and Damron to deny any knowledge of the equity of Hackwith, is too barefaced to cast any obstacle in the way of relief. Graham, as well as Damron, admits that Graham acquired the title by and through the same locative contract; that he had purchased out the shares of two of the four partners, Charles and Henry Skaggs, and with that equity united the legal estate as to half, by obtaining a patent, and for the other moiety he held it as trustee, and that must be as trustee to those who claim under the two other locators, of which Hackwith is on,e. According-iy, the deed from Graham to Damron, 'contains a warranty of one half thcland against Preston, and in whose name the location was made, and all claiming under him, and against all purchasers under the locators, naming one expressly to whom William Harman assiened his interest, acquired under Daniel Harman, and as to the remaining moiety, he warrants against himself only, adding, that as to that, “ lie acts as agent-3y only on behalf of the locators and Preston.” Such an acknowledgment in the deed, must, according to well settled principles, bind Damron, who holds under it, know and take notice of the locator’s interest, at bis peril, and he must be bound to surrenderthe title, w'hen-evep such claim shall be tnade to appear. It is even *238 fiirtber admitted, that Damron,.when be took the title' from Graham, gave bond' to convey tp those claiming under the locators..
[4] One defendant in a bill, cannot resist a release of (he - legal title, on the ground that the complainant has not paid all tho purchase money to another.
■Where the defendants to whom a part of the purchase money for the land of which the conveyance is sought, do not answer, hut give thoir depositions, without ■ showing a disposition to place the matter in the complainant’s road, the chancellor will not regard it.
[5] Where exhibits are read in the court below without objection, they cannot be objected (o in this court, though the •answer had professed ignorance of thorn, and called on the com-plaiaants for their proof,
*238 (2) After these admissions and proofs, alltbe apology they can have for denying knowledge of the equity of Hackwith, is, that they meant they had acknowledge of his párchase from M’G.uire. It is clear, however, they had notice of.M’Guire’s residence on the kind, and this ought to be and is held sufficient- notice to a pur-chaser, of the equity claimed by the occupant.
If, then, this tract was assigned-to the locators, it is-clear that Matthias. Harman is "entitled to one fourth of it, and the sale to M’Guire being the eldest, no reason is perceived-why this fourth should not be assigned in discharge of that sale,- out of the tract claimed, which includes the improvements made by M.. Harman and M’Guire, if it could bo done with due regard to the interest of the other, locators. It is riót shown that Matthias Harman had disposed of his mtérést, otherwise than to M’Guire, and it is clear that Damron, by his purchase from Graham, can have acquired a title in equity, to half only, and is bound-to surrender the other half to the other locators,.or their assignees.
(3) It is objected against the claim of the complainant^that he purchased this bond' from M’Guire after thé ejectment was brought. If the complainant, now np-. pellant, had bought oi\t the possession of M’Guire, and entwined himself into the contest after it had-commenced, and had then attempted to set up a new title, not before held by the parties, it might- he a good reason for not favoring his claim, or at least have caused the’ chancellor to refuse an injunction. But this is not the fact. He and M’Guire were sued together.. After settling his part of the controversy, be acquired-M'Guire’s interest, who seemed-not willing to stand the onset, and thereby subjected his adversary to the investigation of-no new title, or any greater hazard than he would have been in a contest with M’Guire. We cannot, therefore, percai-ve any. thing in this, circumstance calculated to defeat the claim, if it is otherwise fair.
(4) It is insisted by Damron, that M’Guire had not paid to Matthias Harman, nor the complainant to M’Guire, all the purchase money, and, therefore, the complainant is entitled to_no relief. How this defence *239 Aan lie in the mouth of Damron, we cannot perceive. fie has no payment to demand before he conveys.
^gri™ °f the subpcena1 .on “Í ceptR^S.’hr insufficient f°,r ani of the n^appearl1* ing who re-siflyd in his
must be proo in the record ineness5*”™" written scknowiedg-n!ent of ser-ed ona'sub-pcena.
[8] It is k general ml© cause has befin heard, proper par-ües, and the reverse the ° decree and ,a without0 p’re-judice to any blturo suit, Jj,” parties had been .ro!l<-le in after of one/ ami a revi-vor, a copy of the order had served on the representa-tivos, or sheriffhad omitted to execute the defendant admitted to beihhis bailout^ivin1^ reasonJbr it, or where Written no knowted»--' morí t ofser-vico endorsed pcena? but" not proved, time will be comTainnnt on the return of the cause, the cxecu'ion of the process, or bring boforotho* court? 10
*239 Matthias Harman and M’Guire might complain of this; and although they are parties, they are silent on this matter. They have not answered; but their depositions are taken, and the) show no disposition to place this as an obstacle in .the road of the appellant,
(5) It is-also insisted, that the complainant has proved his exhibits. Had their genuineness been specially put in issue, this defence might have been availing; but they are not expressly denied, nor do the defendants, Damron and Graham, appear to be ignorant of theii"existence,and indeed claim under them, except the assignment of Matthias Harman’s bond or writing by M’Guire to the complainant, of which they assert ignorance, and put the appellant upon the proof. But this, as well as all the other exhibits, were read on the hearing, without objection, and it is too late to make the objection here for'lhe first time.
We, therefore, conceive that the decree is erroneous, ant! that the complainant will be entitled to the fourth of the whole tract, or so much of it as will comply with said Harman’s bond to M’Guire, assigned, covering the improvements, if it can be done without injustice to the rest of the tract, which can be told by commissioners, appointed .and properly charged to demark the land re(covered, and to report the practicability of such signation, and instructed to make such difference in .quality, as will equal one fourth iff the quantify.
(6) But as the decree is to he reversed, a difficulty occurs in rendering a decree at once. By the bill and amended bill, all the proper parties concerned in interest, are named. But the subpcena which issued against the aforenamed purchasers under Daniel Harman, is returned by the sheriff, “ executed on all in my bailiwick but Richard Stratton.” How many resided in his “ bailiwick,” is not told, and as'to Richard Stratton, ithere are no further proceedings.
(7) It is true, there is an acknowledgment by some or most of them, written on the subpcena; but there is -tio proof of the genuineness of this acknowledgment, as he,ld necessary by this court, in the case of Peers vs. Certer's heirs, 4 Litt. Rep. 268. It will, therefore, be ne-cressary to have these parties properly before the *240 before <4 decree can be rendered on the merits of the controversy, as has been done in the present case.
Hoggin and Daniel, for plaintiff: Bibb, for defendant-'.
(8) Here a point of practice occurs. It has been the general rule in this court, where the suit in equity 1ms been heard on the merits, and the bill has been dis-m¡ssec] absolutely, and the proper parties were not made, an<^ the equity was held sufficient to warrant some relief, to reverse the decree upon the merits, and to direct the dismission of the bill to take place in the court be-l°w, without prejudice ro any future suit for the same Cause.
The reason of the rule, is, that where parties were n°t raa<^e5 ^e chancellor could dismiss for the want of them, and having.dismissed absolutely, all that was erroneous in his decree, was the dismission absolutely and no* prejudice.
Cut there have been some exceptions to this rule, and the case of Beauchamp vs. Davis’ executor, 3 Bibb Hl)isor:ie' That case is analogous to the present. There, as well as here, was an injunction, and al-ter the service of process on one of the parties and he bad died, an order of revivor was made as to his repre-sentatives, and this order was not served when the cause vvas heard and decided.
Here, the proper parties are named in the bill, and process issued, and the sheriff has not served it on one which he admits to be in his bailiwick, and gives no reason for his failure, and there appears to.be the ackuowledgment of service by some, but no proof there ■ of. In such case, we conceive, that on the return of the cause, reasonable time ought to be given to prove the serv'cc °f process, or to bring them before the court, and if this is not done, then the bill may be dismissed without prejudice, and if it is, then such proceedings may bo. had as shall not be inconsistent with this opinion and the rules of equity.
The decree must be reversed with costs, and a mandate issued accordingly.