ANDERSON, Respondent, v. ANDERSON, *et al.*, Appellants.

1. Where in a suit for partition there has been no service of a copy of the petition with the requisite notice upon two of the defendants, and there is filed an instrument in the following form, signed by said two defendants: " October 6th, 1854. We wish to waive the notice of the division of the

real estate belonging to the heirs of R. T. A., deceased. [Signed] S. C.' M. A. :" *Held,* that this does not amount to a service on them or an appearance by them, and that a judgment by default against them would be irregular and should be set aside.

*Appeal from Lincoln Circuit Court.*

*Broadhead* and *Hunt,* for appellants.

I. The parties defendant were not in court when the judgment was rendered. Two of them were not served with process. The memorandum attached to the petition is no appearance in court. (Sess. Acts, 1847, p. 106 ; R. C. 1845, p. 804–5.) There are only two modes of commencing a suit under the practice acts of 1845 and 1849 ; first, by the voluntary appearance of the party ; second, by filing a declaration or petition and suing out a summons. By the act of 1847, the latter mode may be adopted, but the time of service (which, by the partition law, is four weeks,) is not changed. In this case there was no voluntary appearance of two of them, and the others were not served in time, as appears by the judgment of partition. A copy of the petition only was delivered to Harrison Anderson, without a copy of the writ, or any notice when or where it would be presented. (R. C. 1845, p. 805 ; Practice Act, 1849, art. 5, sec. 1, 4 ; Waddingham et al. v. City of St. Louis, 14 Mo. 195.)

II. The first judgment by which the rights of the parties was found, was merely interlocutory ; (McMurtry v. Glascock, 20 Mo. 432 ; 8 Mo. 53 ;) and the motion being made before the report of the commissioners was acted on, ought to have been sustained and leave to plead granted.

III. The judgment of the court was manifestly erroneous in giving to the widow one-half the land. There was no averment or proof that she made her election as provided by the 7th section of the dower law, and she was therefore only entitled to dower under the first section of that law, one-third during her life. (R. C. 1845, p. 430–1.)

*A. H. Buckner,* for respondent.

Anderson v. Anderson.

RYLAND, Judge, delivered the opinion of the court.

Susannah Anderson filed her petition in the office of the clerk of the Circuit Court of Lincoln county, on the 21st of August, 1854, against Jeremiah Anderson and others, as heirs of Ransom T. Anderson, deceased. The petitioner states that she is the lawful widow of said Ransom T. Anderson, and the defendant, Jeremiah Anderson, the father, and James Anderson, Harrison Anderson, Sarah Cochran, Julia Williams, and Mary Anderson, his brothers and sisters ; that said Ransom died intestate, without leaving any child or children living ; that the petitioner, as his widow, is entitled to one equal undivided half of the real estate of which the said Ransom died seized, and that the above named persons, as father and brothers and sisters, are entitled to the other half of said real estate—that is, the widow is entitled to one-half, and each of the others to one-sixth of the other half ; that said Ransom died seized of about 485 acres of land, which is specifically set forth and described in said petition. The petitioner avers that the debts against the estate of said Ransom have all been paid, and that no reason exists why any partition of said lands should not be made according to the rights of the parties, and " asks that each of said defendants be duly notified of this suit, and that the court will adjudge partition of said lands among said parties according to their respective rights, and appoint commissioners to make said partition."

On this petition a summons was issued dated August 21, 1854, returnable to the first day of the next term of the Circuit Court of said county, which was to begin and be held on the first Monday in October next ensuing, against Jeremiah Anderson, James Anderson, Harrison Anderson, James Williams and Julia Williams his wife, and Mary Anderson. The name of Sarah Cochran does not appear in this summons. The sheriff made the following return on said summons, viz : " Executed the within writ in Lincoln county, on Jeremiah Anderson, James Anderson, James Williams, Julia Williams, and

Harrison Anderson, by reading the same and a copy of the petition hereunto attached in each of their hearing, and delivered said petition to Harrison Anderson, this first day of September, 1854. Mary Anderson is not to be found in Lincoln county by me. W. R. Womack, sheriff."

At the October term, 1854, of the Lincoln Circuit Court, an order of partition in the lands mentioned in the petition was made, and commissioners appointed to allot and divide the same among the parties in interest, the court adjudging one-half to the petitioner, and to each of the other heirs one-sixth of the lands. Previously to making the order of partition the following entry is made, as appears by the record: " Now here comes the plaintiff by her attorney, and the said defendants, Sarah Cochran and Mary Anderson, having waived the service of notice in this cause in writing, and the other defendants, Jeremiah Anderson, James Anderson, Hannah Anderson, James Williams and Julia Williams his wife, having been duly served with process in this cause at least twenty days prior to this term of this court, and having failed to appear and answer as required," &c. At the May term of the court, in 1855, the commissioners made their report, which was filed. The death of the petitioner was suggested, and the defendants made their motion to set aside the judgment in this cause, and to postpone the confirmation of the commissioners' report until their motion is decided. Among the reasons assigned in support of the motion is the want of notice of the application as required by law. At the same time William M. Welch and others, as the heirs of said petitioner, were, on their motion, permitted to become the plaintiffs in this cause, and it was continued.

At the October term, 1855, the defendants' motion to set aside the judgment was overruled, and the report of the commissioners was approved, and judgment of partition in accordance therewith. The defendants excepted, and filed their bill of exceptions, and bring the case here by appeal. From the bill of exceptions, it appears that on the motion to set aside

the judgment by default, the plaintiffs read to the court a paper attached to the petition on file, which paper had been filed in open court at October term, 1854, and is as follows : " October the 6th, 1854.   We wish to waive the notice of the division of the real estate belonging to the heirs of R. T. Anderson, deceased.   [Signed] Sarah Cochran, Mary Anderson."

In this case, the service of the summons by the sheriff on all the defendants but two, Sarah Cochran and Mary Anderson, was more than " four weeks" before the return day of the writ.   This is manifest by the record.   True, the entry made by the clerk that the other defendants " have been duly served with process in this cause at least twenty days prior to this term of the court," may indicate that, in the opinion of the Circuit Court, such was the time required for service in such cases.   Yet the record shows that the service was on the first day of September, and the return day of the writ was the first Monday in October—more than four weeks ; so, whether this proceeding be under the partition act of 1845, as amended by act of 1847, or under the dower act of 1845, still the service was timely, and substantially good as to all the defendants except Sarah Cochran and Mary Anderson.

There is no service on these two last defendants, nor is there any appearance by them.   The memorandum in writing can not be considered either as a service on them, or as an appearance by them to the action of the court.   (1 Monroe, 22 ; 4 Littell, 268 ; 3 J. J. Marsh. 60.)   It was irregular therefore in the Circuit Court to render judgment by default against these two defendants.   The judgment here being irregular as to some of the defendants, must be set aside not only as to them, but as to all.   There is no necessity to allege merits in the defence upon a motion to set aside a judgment which has been irregularly taken by default against some of the defendants.   We do not pass upon the merits of the matters in dispute.   The judgment below must be reversed, and the cause remanded for further proceedings ; the other judges concurring.